**UNITED STATES of America,**
**Plaintiff—Appellees.**

**v.**

**Ray Allen STALCUP, Defendant—**
**Appellant.**

**No. 06–10142.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Nov. 30, 2007.

---

Glenn B. McCormick, Esq., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellees.

Donald W. MacPherson, Esq., The MacPherson Group, PC, Glendale, AZ, for Defendant–Appellant.

Before: ROTH *, THOMAS and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Ray Allen Stalcup appeals his conviction for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. His appeal largely focuses on the admission of hearsay statements made by an unindicted co-conspirator. He claims these statements violated his Confrontation Clause rights under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Stalcup also alleges that a number of other evidentiary errors were made that collectively give rise to grounds for a mistrial.

Stalcup was convicted by a jury on August 23, 2005. The district court entered final judgment against him on February 27, 2006. Stalcup appealed. Because we write primarily for the parties, we briefly revisit the facts here.

This case revolves around a conspiracy to distribute approximately 1,500 pounds of marijuana. Ed Hess was driving an 18–wheel truck, containing the marijuana, when he was arrested. Prior to the arrest, Hess had spent extended time in Stalcup's presence. The transfer of the marijuana from a U–Haul driven by Angel Montijo, another member of the conspiracy, to Hess's truck took place on Stalcup's property. Stalcup claimed that he was unaware of the marijuana transfer that took place on his property and was not involved with the conspiracy to distribute marijuana.

Alleged violations of the Confrontation Clause are reviewed *de novo* but subject to harmless error analysis. *United States v. Nielsen*, 371 F.3d 574, 581 (9th Cir.2004). We review the decision to admit co-conspirators' statements for an abuse of discretion, and the district court's underlying factual determinations that statements were made in furtherance of a conspiracy for clear error. *United States v. Bowman*, 215 F.3d 951, 960 (9th Cir.2000). Evidence admitted without a timely objection may be reviewed for plain error. Fed. R.Crim.P. 52(b). To establish plain error, Stalcup must prove (1) there was error, (2) it was plain, (3) the error affected substantial rights, and (4) it seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

Stalcup's Confrontation Clause claim turns on his argument that a ruling by the district court on a pre-trial motion precluded the government from claiming that there were any unindicted co-conspirators.

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**990**

The ruling on the co-conspirator's statement arose during the testimony of Julianne Bigelow. She stated that Mark Hamblin had told her that Stalcup was "shifting the load" to help Hess prepare the truck for the receipt of the marijuana. This conflicted with her earlier statement to the police that Stalcup himself had told her that he would be helping Hess shift the load.

■ Stalcup did not object the first time that Bigelow related Hamblin's statement, but he did object after significant additional questioning of Bigelow that culminated in a second offer of Hamblin's hearsay statement. Because Stalcup failed to timely object to the first hearsay statement, that issue was not preserved for appeal and can only be reviewed for plain error.[1] *United States v. Gomez–Norena,* 908 F.2d 497, 500 (9th Cir.1990) (citing Fed.R.Evid. 103(a)(1)).

Stalcup objected the second time the Hamblin hearsay statement was offered. The ruling on this objection is reviewed *de novo. Nielsen,* 371 F.3d at 581. *Crawford* violations are, however, subject to harmless error review, one factor of which is whether the evidence at issue is cumulative. *Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). The second statement is an almost identical repetition of the first, and thus is entirely cumulative if the first statement is admitted. Accordingly, to succeed in his Confrontation Clause claim, Stalcup must show that admission of the first statement was plain error.

We conclude that there was no error, let alone plain error, in the admission of the testimony. *Crawford* provides that testimonial statements made by witnesses outside of the trial may only be admitted under certain circumstances. 541 U.S. at 51–54, 124 S.Ct. 1354. Statements made by a co-conspirator that qualify for admission pursuant to Federal Rule of Evidence 801(d)(2)(E) may be admitted without violating the Confrontation Clause under *Crawford. United States v. Bridgeforth,* 441 F.3d 864, 868–69 (9th Cir.2006). The record indicates that Hamblin was a member of the conspiracy, and his statement was in furtherance of its goals.

■ Stalcup argues that the government is prevented from asserting that Hamblin was an unindicted co-conspirator by the "law of the case" as set forth in the ruling on a pre-trial motion. The district court ruled that:

> The 53–1, which is motion for identification of unindicted, unnamed co-conspirators referenced in the indictment, also appears to be proscribed by representations of the government. And the court will be prepared to rule on *any issue that might possibly arise* concerning any such unindicted, unnamed co-conspirators. However, *it appears from the record at this stage* that there are none. The motion is denied.

(emphasis added). The court at that point did not rule that there could be no further co-conspirators, simply that none had yet been identified. The question of whether Hamblin was a co-conspirator arose suddenly because of Bigelow's surprise testimony, contradicting what she had told the police. The court's ruling that he was a co-conspirator was consistent with its earlier ruling and was not error under the circumstances.[2]

---

1. Also, while Stalcup did move for a mistrial based on a *Crawford* argument below, he did so based on a separate statement by Hamblin that was mentioned by Bigelow. He never specifically mentioned *Crawford* in relation to the testimony to which he now objects.

2. In addition, while it might be possible to read the statement by the prosecutor that there were no other co-conspirators as estopping the government from arguing that Hamblin was a co-conspirator, such a concession cannot bind the district court when it rules on

The remainder of the evidentiary arguments by Stalcup are also unpersuasive. Stalcup argues that a number of errors occurred during the course of the trial that, combined, should give rise to a mistrial. Specifically, he points to (1) another hearsay statement by Hamblin, (2) the impeachment of Bigelow using her past probationary status, (3) the impeachment of Bigelow by discussion of a note she had written during her police interview, and (4) mention on cross examination by Hess that he had undergone a polygraph test. Denial of a motion for mistrial is reviewed for abuse of discretion, *United States v. Fernandez*, 388 F.3d 1199, 1240 (9th Cir.2004), and individual errors can be examined for cumulative harm. *Alcala v. Woodford*, 334 F.3d 862, 883 (9th Cir.2003).

 The second Hamblin hearsay statement is admissible for the same reason that the first is admissible. The inquiry into Bigelow's probationary status at the time that she initially spoke with the police was a permissible attempt to show bias, as was the inquiry into the note Bigelow wrote while in police custody. The statement that Hess had taken a polygraph was invited by defense counsel, and any harm was remedied by the immediate granting of Stalcup's motion to strike and the court's instruction to the jury.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

an evidentiary issue. *See U.S. v. Miller*, 822 F.2d 828, 832 (9th Cir.1987).

